UNITED STATES of America,
Plaintiff–Appellee,

v.

Adam Quinn PLETCHER,
Defendant–Appellant.

No. 00–30017.

D.C. No. CR–97–00182–01–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided June 12, 2001.

Before FARRIS, TROTT, and BERZON, Circuit Judges.

## MEMORANDUM [*]

Adam Quinn Pletcher appeals his jury-trial conviction and 70–month sentence for four counts of mailing threatening communications with intent to extort, in violation of 18 U.S.C. § 876. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pletcher's convictions arose out of four letters he sent to Bill Gates, in which he threatened to kill Gates and others if Gates did not pay him $5 million. Pletcher did not raise in the district court most of the contentions he now asserts on appeal. We therefore review for plain error. *See Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (outlining the four prongs of the plain error inquiry); *United States v. Perez*, 116 F.3d 840, 846 (9th Cir.1997) (en banc) (same).

■ Pletcher initially contends that the district court's instruction on the elements of 18 U.S.C. § 876 was erroneous because it omitted the element of specific intent to threaten.[1] We first note that Pletcher's

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We reject the government's argument that Pletcher invited the error. The district court did not adopt Pletcher's requested instruction on the elements of the offense, and he did not relinquish the right to have that issue submitted to the jury. *See Perez*, 116 F.3d at 844–45 (stating that invited error is reviewable for

intent to threaten was uncontested at trial. His confession, which was read to the jury, stated that he decided to write letters with the threat to kill Gates, which were written "in a tone to maximize intimidation of" Gates. He also admitted at trial that the letters were threatening and intended to be scary and to be believed. The instructions required the jury to find an intent to extort. Upon this record, intent to extort necessarily includes an intent to threaten. Because Pletcher has not demonstrated any error in the district court's instruction, his contention fails under plain error analysis. *See Perez*, 116 F.3d at 846.

■ Pletcher argues that the district court's instruction that "the government need not prove that the defendant intended or was capable of carrying out that threat," withdrew the disputed element of intent from the jury's consideration. We reject Pletcher's contention. The instructions, as a whole, informed the jury that a finding of intent to extort was required. *See United States v. Smith*, 891 F.2d 703, 708 (9th Cir.1989). The instruction on what the government was not required to prove, though inartfully drawn, was essentially correct. *See United States v. Twine*, 853 F.2d 676, 681 n. 4 (1988). We must presume that the jury followed the district court's instructions on intent. *See United States v. Olano*, 507 U.S. 725, 740, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Pletcher's attempt to demonstrate plain error fails. We further conclude that Pletcher's contention regarding the district court's failure to define the terms "intent" or "specific intent" fails under the plain

error inquiry. *See Perez*, 116 F.3d at 846–48.

■ Pletcher next contends that the superseding indictment was multiplicitous because it charged each mailing separately, when the object of 18 U.S.C. § 876 is the entire extortionate scheme. Pletcher waived this issue by failing to raise it in the district court. *See* Fed.R.Crim.P. 12(b)(2), (f); *United States v. Klinger*, 128 F.3d 705, 708 (9th Cir.1997) (concluding that multiplicity claims are subject to Rule 12(b)(2) and are waived if not challenged in the district court). We reject Pletcher's assertion that plain error review is available. *See United States v. Wright*, 215 F.3d 1020, 1026–27 (9th Cir.), *cert. denied*, 531 U.S. 969, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000) (concluding that failure to comply with Rule 12 renders an issue waived under Rule 12(f) and distinguishing Rule 12 waiver cases from those where plain error review applies). Pletcher has advanced no cause for his failure to raise his multiplicity challenge to the district court. We decline to review that issue. *See* Fed. R.Crim.P. 12(f); *Wright*, 215 F.3d at 1027.[2]

Pletcher also challenges his sentence on several grounds. First, he argues that the district court erred by considering his lawful ownership of the guns that were found in his home. There is no evidence in the record that the district court made any adverse sentencing rulings based on the guns. Pletcher's unsupported speculation concerning the effect of the gun evidence does not demonstrate plain error.

■ Pletcher next contends that the district court committed plain error by apply-

---

plain error if there is no evidence that the defendant relinquished the right).

**2.** We decline to review any challenge to multiplicitous sentences because Pletcher raised this issue for the first time in his reply brief. *See United States v. Montoya*, 45 F.3d 1286,

1300 (9th Cir.1995). We note, however, that this contention would fail, because Pletcher has not demonstrated that any error at sentencing was so obvious that the district court could have avoided it without an objection from the parties. *See United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir.1997).

ing U.S.S.G. § 2B3.2(b)(2) (1998) and its seven-level increase for amount of loss under section 2B3.1(b)(7) because application of that Guideline violates the ex post facto clause. This contention fails. *See United States v. Chea,* 231 F.3d 531, 539 (9th Cir.2000) (indicating that there is no ex post facto violation if an amendment to the Guidelines merely clarifies its substance); *United States v. Felix,* 87 F.3d 1057, 1060 (9th Cir.1996) (approving application of clarifying amendment).

Finally, Pletcher contends that the district court clearly erred by denying a two-level adjustment for acceptance of responsibility, arguing that the adjustment is available even though he contested the element of intent to extort at trial. We reject the argument. The court carefully considered Pletcher's request for a reduction and gave reasons for rejecting it. *See* U.S.S.G. § 3E1.1, cmt. n. 5 (determination of sentencing judge is entitled to great deference on review); cmt. n. 2 (noting that a determination that a defendant has accepted responsibility should be based primarily on pre-trial statements and conduct).

AFFIRMED.